Tesorero de Puerto Rico, demandante y apelado, v. Banco Comercial de Puerto Rico, demandado y apelado, y Enrique Hernández Acosta, peticionario y apelante.

No. 6206.—*Sometido:* Enero 26, 1934. *Resuelto:* Febrero 9, 1934.

*José Carbia Miranda,* abogado del apelante; *José y R. Ramírez Santibáñez,* abogados del banco apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El apelante solicitó de la Corte de Distrito de San Juan que ordenase al síndico judicial del Banco Comercial de Puerto Rico que le pague cierta cantidad de dinero y habiendo sido negada esa petición interpuso el presente recurso.

El ciclón ocurrido en esta Isla en la noche del 10 de septiembre de 1931 causó daños en el edificio San Juan Stadium de la propiedad de The Porto Rico Boxing Corporation que estaba al cuidado del apelante, vicepresidente de dicha corporación. Ese edificio estaba gravado con hipoteca a favor del Banco Comercial de Puerto Rico y tenía entonces una póliza de seguro contra ciclón a nombre del presidente de la corporación, cuya prima fué pagada por el banco, en cuyo poder estaba la póliza. El apelante hizo en seguida las reparaciones del edificio con el consentimiento del gerente del banco, según el apelante, lo que fué negado por dicho gerente. El costo de esas reparaciones fué el de $749.52 y después de ellas The Porto Rico Boxing Corporation dió algunos espec-

táculos públicos en el mencionado edificio. La compañía aseguradora pagó al banco el importe de las reparaciones, y habiendo sido después puesto el banco en administración judicial solicitó el apelante que se ordenara al síndico del banco que le pagase la expresada cantidad, lo que fué negado por la corte.

■■ La teoría del apelante, según el único motivo de su recurso, es que tiene derecho a recobrar del banco el importe de las reparaciones que hizo en el edificio como gestión de negocios ajenos porque las realizó en beneficio del banco acreedor, y que el pago que de ellas hizo la compañía aseguradora al banco fué indebido.

El *quasi* contrato de gestión de negocios ajenos que reconoce y regula nuestro Código Civil en sus artículos 1789 al 1795 tiene lugar cuando una persona se encarga voluntariamente de la agencia o administración de los bienes de otra persona sin mandato expreso de ésta, siendo el dueño de bienes que aprovecha las ventajas de esa gestión responsable de las obligaciones contraídas en su interés; pero como en este caso el mencionado edificio no era propiedad del banco sino de la corporación de que era vicepresidente el apelante, no puede sostenerse que las reparaciones por él hechas lo fueron para beneficio del banco y que éste debe pagarlas, toda vez que él no era el dueño del edificio. El hecho de que tal edificio estaba hipotecado al banco no convierte el acto del apelante en gestión para beneficio de dicho acreedor pues éste no era el dueño del edificio sino solamente un acreedor hipotecario.

En cuanto a que la compañía de seguros pagó al banco indebidamente el costo de las reparaciones, es cuestión que afecta a ellos dos, sin que tal hecho origine en el apelante derecho a que el banco le entregue lo que, según dicho apelante, indebidamente le pagó la compañía de seguros.

*La resolución recurrida debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila disintió.*

---

* NOTA: Véase el prefacio.